**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WILLNAYRIS ORTIZ,**

    **Plaintiff,**

v.                                                            CASE NO.:

**JUSTWORKS EMPLOYMENT
GROUP LLC, and GREAT JONES
FLORIDA, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLNAYRIS ORTIZ, by and through undersigned counsel, brings this action against Defendants, JUSTWORKS EMPLOYMENT GROUP LLC ("Justworks") and GREAT JONES FLORIDA, LLC ("Great Jones"), (collectively as "Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant Justworks operates a professional employer organization in Fort Myers, Florida, which does business regularly in Hillsborough County, Florida.

6. Defendant Great Jones operates a property management company across the United States that does business regularly in Hillsborough County, Florida.

7. Defendants entered into a joint employer relationship and are authorized as "joint-employers" under the FLSA by virtue of their rigorous control over all of the individual employees. Further, Defendants prepare the payroll and distribute the payment of wages for Plaintiff.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

## FACTS

17. Plaintiff began working for Defendants as an assistant manager in September 2019, and she worked in this capacity until on or around November 9, 2019.

18. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

19. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

20. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

- a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

- b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

- c) An equal amount to Plaintiff's overtime damages as liquidated damages;

- d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

- e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

- f) All costs and attorney's fees incurred in prosecuting these claims; and

- g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of December, 2019.

                                 Respectfully submitted,

                                 _____
                                 **LUIS A. CABASSA**
                                 Florida Bar Number: 0053643
                                 **ANTHONY M. KNIGHT**
                                 Florida Bar Number: 1010530
                                 **Wenzel Fenton Cabassa, P.A.**
                                 1110 N. Florida Avenue, Suite 300
                                 Tampa, Florida 33602
                                 Main No.: (813) 224-0431
                                 Direct No.: (813) 321-4085
                                 Facsimile No.: (813) 229-8712
                                 Email: lcabassa@wfclaw.com
                                 Email: aknight@wfclaw.com
                                 Email: gnichols@wfclaw.com
                                 **Attorney for Plaintiff**